# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 17-cv-23575-KING

NIKKI MCINTOSH, on her own behalf and on behalf of all other similarly situated passengers scheduled to have been aboard the *M/V Liberty of the Seas*,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (DE #7). Therein, Defendant seeks an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Complaint arguing, among other grounds, that Plaintiff's Complaint fails to allege any injuries or damages she herself sustained, or indeed that she sustained any at all. Defendant further argues that Plaintiff's claim in Count III for intentional infliction of emotional distress fails to state a claim and should be dismissed with prejudice. This matter is fully briefed,[1] and as discussed below, the Court finds that Defendant's Motion should be granted and Plaintiff's complaint dismissed without prejudice and with leave to amend with respect to her negligence counts, and that the intentional infliction of emotional distress claim be dismissed with prejudice.

### I. Background

This matter arises from a cancelled cruise that was set to leave the Port of Galveston in Texas on August 27, 2017, which date coincided with Hurricane Harvey's landfall along the

---

[1] Plaintiff has filed his Response in Opposition (DE #16), and Defendants have filed a Reply (DE #22).

Gulf Coast in eastern Texas. Briefly stated, Plaintiff's Complaint alleges, on her own behalf and on behalf of a class allegedly numbered in the thousands, that Defendant's decision not to cancel the subject cruise until the day it was set to sail, coupled with notices Defendant issued in the days leading up to the cruise that it was still on schedule, forced thousands of people travel to the Houston area, placing them directly in the path of the storm. Plaintiff's complaint alleges that this forced would be-passengers to endure torrential rains and dangerous hurricane conditions, and alleges these would-be passengers, now stranded in and around Houston, suffered a long list of grievous injuries ranging from being injured on about their bodily extremities, to "temporary and/or permanent physical disability," to "mental and emotional anguish" and "feelings of economic insecurity." Plaintiff's complaint alleges that these injuries were all caused by Defendant's failure to cancel the trip sooner, failure to warn of the dangers of traveling to a hurricane zone during an impending hurricane, and failure to promulgate refund policies aimed at ensuring the safety of passengers. Plaintiff further alleges that these actions were so outrageous as to amount to an intentional infliction of emotional distress.

Defendant argues in its Motion to Dismiss that this action cannot be maintained as a class action based upon a class action waiver contained within the ticket contract. More fundamentally, however, Defendant argues that the complaint must be dismissed because, as pled, Plaintiff herself does not allege that she sustained any injuries, what they were, how she was injured, or that she even travelled to the Houston area herself like the class of people she hopes to represent. Moreover, Defendant argues that Plaintiff's claim for intentional infliction of emotional distress fails to state a claim, as Defendant's alleged actions and inactions were not sufficiently outrageous to maintain such a claim.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

### III. Discussion

Plaintiff's complaint alleges causes of action sounding in negligence, as well as for intentional infliction of emotional distress. General maritime law applies to this case. *See Keefe v. Bahama Cruise Lines, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). To state a negligence claim, Plaintiff must allege that Defendant had a duty of care, Defendant breached that duty, that such breach was the actual and proximate cause of Plaintiff's injury, and that Plaintiff suffered damages. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015).

Further, "[a] plaintiff alleging [intentional infliction of emotional distress] faces an extremely high burden"[2] in the form of allegations of conduct so outrageous "as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community."[3]

---

[2] Wu v. NCL (Bahamas) Ltd., Case No. 16-cv-22270-SCOLA, 2017 WL 1331712 at *2 (S.D. Fla. Apr. 11, 2017).

[3] Florida law provides that four elements must be pleaded and supported by factual allegations to support a claim for intentional infliction of emotional distress:

3

Fatal to Plaintiff's negligence claims is her failure to allege that she herself suffered injury or damages. While she recites a laundry list of harms allegedly suffered by the class she hopes to represent, she fails to allege any specific harms that befell her as a result of Defendant's various alleged failures and negligent acts. Moreover, while she alleges in her complaint that thousands of would be cruise passengers were forced to travel to the Houston area because of Defendant's negligence, thereby putting them in harm's way and forcing them to endure said laundry list of harms, Plaintiff does not allege anywhere in her complaint that she herself travelled to Houston and endured these harms. Accordingly, Plaintiff's complaint does not plausibly state a claim for negligence and must be dismissed.

Finally, Plaintiff's intentional infliction of emotional distress claim is due to be dismissed with prejudice. As noted, in order to maintain such a claim, a plaintiff must allege conduct on the part of Defendant so outrageous as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community. A plaintiff will rarely able to state a claim for intentional infliction of emotional distress in Florida, and a wide range of conduct has been held insufficient to survive a motion to dismiss:

> A brief survey of Florida and maritime cases addressing claims of IIED underscores this point. See, e.g., Rubio v. Lopez, 445 Fed.Appx. at 175 (finding failure to allege sufficient outrageous conduct where deputy sheriff hobble-tied arrestee on black asphalt pavement in sun, resulting in second-degree burns to face and chest); Wallis, 306 F.3d at 842 (finding no outrageous conduct where crew member on cruise ship remarked in the plaintiff's hearing after her husband fell overboard that her husband was probably dead and that his body would be sucked under the ship, chopped up by the propellers, and would probably not be recovered); Garcia v. Carnival Corp., 838 F.Supp.2d 1334, 1339 (S.D. Fla. 2012) (Moore, J.) (finding no outrageous conduct where crew members assaulted cruise passenger and prevented her from leaving her room for a period of time); Vamper, 14 F. Supp. at 1306–07 (finding no outrageous conduct where defendants

---

(1) The wrongdoer's [the hotel, in Count IV] conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
(3) the conduct caused emotion[al] distress; and
(4) the emotional distress was severe.

*Gallogly v. Rodriguez*, 970 So. 2d 470, 471 (Fla. Dist. Ct. App. 2007) (internal citation omitted).

fabricated reckless driving charge against plaintiff, called him the "n" word, threatened him with termination, and physically struck him on ankle).

*Wu*, 2017 WL 1331712, at *2 (S.D. Fla. Apr. 11, 2017) (Scola, J.) (dismissing with prejudice intentional infliction of emotional distress claim against cruise ship where allegations included deliberately failing to monitor children's area or train children's area staff solely to save money and disregard the risk to children posed by multiple hazards in children's area). Plaintiff's Complaint fails to allege conduct sufficiently outrageous to meet the requirements of Florida law for such a claim, and must be dismissed.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Motion to Dismiss **(DE #9)** be, and the same hereby is **GRANTED**. Counts I and II of Plaintiff's Complaint **(DE #1)** are **DISMISSED without prejudice**. Count III of Plaintiff's Complaint is **DISMISSED with prejudice**. Plaintiff may file an amended complaint within 20 days of the date of this Order.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 7th day of February, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**

5