UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-cv-23575-KING-TORRES

NIKKI McIntosh, on her own behalf
and on behalf of all other similarly
situated passengers scheduled to
have been aboard the *M/V
Liberty of the Seas*,

      Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**THIS MATTER** comes before the Court upon Defendant ROYAL CARIBBEAN

CRUISES, LTD.'s ("Royal Caribbean") Motion to Dismiss Plaintiff's Amended Complaint

(DE 26) ("the Motion"). The Court has additionally considered Plaintiff's Response in

Opposition to Defendant's Motion to Dismiss the Amended Complaint (DE 27), and

Defendant's Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint (DE 28).

For the reasons outlined below, Royal Caribbean's Motion is **GRANTED**.

Plaintiff's Amended Complaint and Demand for Jury Trial (the "Amended

Complaint") alleges injuries suffered as a result of allegedly being put in harm's way while

Texas was in a state of emergency due to Hurricane Harvey. Specifically, Plaintiff alleges

claims for negligence (Count I) and negligent infliction of emotional distress (count II).

Plaintiff seeks to maintain this lawsuit as a class action on behalf all other similarly situated passengers scheduled to have been aboard the M/V Liberty of the Seas.

## I. LEGAL STANDARD

Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. FED. R. CIV. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681. The enforceability of a procedural device, like a class action waiver, should be resolved at this stage of the litigation by way of a motion to dismiss. *See, e.g., Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1206); *see also Assiff v. Carnival Corp.*, 930 So. 2d 776 (Fla. Dist. Ct. App. 2006). At the March 2, 2017, hearing, Plaintiff agreed that this Court should rule on the class action waiver at the motion to dismiss stage.

## II. DISCUSSION

Defendant argues that Plaintiff cannot maintain this lawsuit as a class action due to the parties' class action waiver provision. With respect to the enforceability of the class action waiver, Plaintiff responds that the class action waiver is void as against public policy pursuant to 46 U.S.C. §30509. Plaintiff also argues more generally that the class action waiver provision is unenforceable as unconscionable.[1]

---

[1] The Plaintiff also contends that given that the Plaintiff(s) "never even boarded the ship . . . the ticket contract, which includes the class action waiver, was never consummated and/or performed. Consequently, pursuant to the

**A.** **The class action waiver was reasonably communicated to Plaintiff.**

The Plaintiff concedes that general maritime law applies to cases, such as this one, alleging torts committed on navigable waters. "[I]t is well settled that the general maritime law of the United States, and not state law, controls the issue of whether a passenger is bound to terms set forth in a cruise ship's ticket and contract of passage." *Veverka v. Royal Caribbean Cruises, Ltd.*, 2015 WL 1270139, *5 (D.N.J. Mar. 18, 2015). Under general maritime law, a term or condition of a cruise ticket contract is enforceable once it is reasonably communicated to the passenger. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). The test involves a two-pronged analysis of: (1) the physical characteristics of the clause in question; and (2) whether the plaintiff had the ability to become meaningfully informed of the contract terms. *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1244 (11th Cir. 2012).

Ms. Topow's affidavit conclusively establishes that the ticket contract and class action waiver were reasonably communicated to Plaintiff prior to the cruise's cancellation. (DE 26–1). Plaintiff does not argue otherwise, and it is well-established that parties can agree to class action waivers. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011); *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205 (11th Cir. 2011). Given the uncontroverted evidence, the class action waiver was reasonably communicated to Plaintiff and is, therefore, enforceable.

---

most basic principles of contractual interpretation, there is no valid contract between the parties." Pl.'s Resp. at 2. The Plaintiff does not support this position with any legal authority. Moreover, whether the Plaintiff boarded the ship or not is irrelevant to this determination. The class action waiver is not limited to claims occurring after a passenger boards the ship.

**B.    The class action waiver does not violate 46 U.S.C. 30509.**

Plaintiff contends that the class action waiver is tantamount to a limitation on Royal Caribbean's liability and is void as against public policy. Pursuant to 46 U.S.C. §30509:

> The owner, master, manager, or agent of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign country, may not include in a regulation or contract a provision limiting . . . (A) the liability of the owner, master, or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents; or (B) the right of a claimant for personal injury or death to a trial by court of competent jurisdiction. . . . (2) Voidness.— A provision described in paragraph (1) is void.

46 U.S.C. § 30509(a).  Under the Act, a contract provision that (a) limits the liability of the shipowner for personal injury or (b) limits the right of the passenger to a trial by a competent court is void. *Id.*  The class action waiver does neither.

"Congress's concern in enacting [section] 30509(a) was the unilateral imposition of bargaining power by a ship owner to limit its liability for its negligent acts," and it intended to stop ship owners from limiting liability "without any recourse to judicial process." *Estate of Myhra*, 695 F.3d at 1242, 1243 (alteration added). There is "no authority" for the proposition that the statute was intended to prevent cruise ticket contract terms that still "allow[ ] for judicial resolution of claims" but may cause the passenger an "unreasonable hardship in asserting their rights." *Lankford v. Carnival Corp.*, 12-cv-24408-CMA [ECF No. 280] (S.D. Fla. July 25, 2014).

*Shute*, the seminal case on the enforceability of cruise ticket contracts and forum selection clauses contained therein, is instructive on the issues raised by the class action waiver. In *Shute*, the Supreme Court held that a forum selection clause in a pre-printed cruise ticket not subject to negotiation was enforceable. The Court held that enforcement of the

forum selection clause did not violate the predecessor statute to section 30509 because "by its plain language, the forum-selection clause before us does not take away respondents' right to a trial by a court or competent jurisdiction and thereby contravene the explicit proscription of" the statute. *Shute*, 499 U.S. at 596. "The fact the clause at issue in *Shute* was alleged to have 'caused[d] plaintiffs unreasonable hardship in asserting their rights' in part by requiring 'a plaintiff [to] travel to a distant forum in order to litigate' was not relevant given the plain language and legislative history of the statute." *Lankford v. Carnival Corp.*, 12-cv-24408-CMA [ECF No. 280, p. 8] (S.D. Fla. July 25, 2014) (quoting *Shute*, 499 U.S. at 596) (alterations in original)).

### C.   The class action waiver is not unconscionable.

Plaintiff argues that the class action waiver is unenforceable as unconscionable. A court may refuse to enforce a contract or term that is unconscionable at the time the contract is made. *Jerome v. Water Sports Adventure Rentals & Equipment, Inc.*, 2013 WL 692471, *8 (D.V.I. Feb. 26, 2013) (citing RESTATEMENT (SECOND) CONTRACTS §208)). "Unconscionability encompasses both procedural and substantive elements, and both must be proven to revoke a contract on that basis." *Id.* The party challenging the contract or contract term has the burden of establishing unconscionability. *Id.*

Here, the class action waiver is not procedurally or substantively unconscionable. Regarding the procedural unconscionability aspect of ticket contract formation, the Supreme Court has already rejected this argument. The *Shute* Court held that ticket contract provisions are enforceable so long as they are reasonably communicated to a passenger despite a passenger's claim that they lack equal bargaining power with the cruise line or that they did not negotiate the terms with the cruise line. *Shute*, 499 U.S. at 593 ("Common sense dictates

that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line."). Plaintiff's contention that the ticket contract is a "contract of adhesion" is not enough to find the ticket contract procedurally unconscionable. *Veverka*, 2015 WL 1270139 at *5. It is uncontroverted that Plaintiff had notice of the ticket contract terms, including the class action waiver as they were reasonably communicated to her.

The class action waiver is not substantively unconscionable. Class action waivers are enforceable outside the context of consumer arbitration. *Lankford*, 12-cv-24408-CMA; *Crusan v. Carnival Corp.*, 13-cv-20592-KMW; *see also Palmer v. Convergys Corp.*, 2012 WL 425256 (M.D. Ga. Feb. 9, 2012). The class action waiver does not affect Plaintiff's substantive right to bring a claim against Royal Caribbean and it does not limit Royal Caribbean's liability. *Id.*

The *Lankford* court also rejected the argument that class action waivers are only enforceable where they contain attorney's fees provisions. The court noted that there was "no authority upon which the Court would come to [the] conclusion" that "the class action waiver at issue is void for failure to include an attorney's fees provision." *Lankford*, 12-cv-24408-CMA [ECF No. 280, p. 11]. Cases, such as *Dale v. Comcast Corp.*, 498 F.3d 1216 (11th Cir. 2007), invalidated class action waivers under state law (Georgia in that case), but this case is governed by general maritime law, which does not have any similar attorney's fees requirement.

In sum, the class action waiver is enforceable and is not unconscionable.

## III. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant ROYAL CARIBBEAN CRUISES LTD.'s Motion to Dismiss Plaintiff's Amended Complaint **(DE 26)** be, and the same is, hereby **GRANTED**. Should she elect to do so, Plaintiff may file a First Amended Complaint within **twenty (20) days** of the date of this Order. The First Amended Complaint shall set forth claims only in Plaintiff's individual capacity and shall not contain class action allegations.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of April, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Plaintiff's Counsel**

**Marc E Weiner**
Lipcon, Margulies, Alsina , Winkleman, P.A.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1776
Miami, FL 33131
(305) 373-3016
Email: mweiner@lipcon.com
*ATTORNEY TO BE NOTICED*

**Michael A. Winkleman**
Lipcon Margulies Alsina & Winkleman
One Biscayne Tower
Suite 1776
Miami, FL 33131
305-373-3016
Fax: 305-373-6204
Email: mwinkleman@lipcon.com
*ATTORNEY TO BE NOTICED*

**Defendant's Counsel**

**Scott Daniel Ponce**
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
305-789-7575
Fax: 305-789-7799
Email: sponce@hklaw.com
*ATTORNEY TO BE NOTICED*