UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-CV- 23575-JLK

Nikki McIntosh, Jeff McIntosh, Leah McIntosh, Benton McIntosh,
Gavin Oliver, Katrina Heald, Alison Meiners, Bradley Meiners,
Adyson Meiners, Katelyn Meiners, Jeffrey Wills, Mali McCracken,
Carolyn LoGuidice, David Nelson, Michelle LoGuidice,
Stephen Constant, Kathleen Constant, Emmah Constant,
Melanie McGee, Walter McGee, Mark Dresbach, Elaine Dresbach,
Brooke Dresbach, Jake Dresbach, Matthew Hartman,
Kristina Dhanada, Haleh Loguidice, Victor Loguidice, Lana Loguidice,
Ahmad Zamani, Belghis Sameni, Diane Zeidman, Shirley Harris,
Debra Engle, Sara Konynenbelt, Diane Konynenbelt, Rosemarie Cheng,
Jed Cheng, Huy Long Go Co,Nene Choa, Valerie Grayson,
Sheri Grayson, Nyasia King, Aimee Granados, Taten Evans,
Sonya Rader, James Rader, Noah Rader, Lauren Rader,
David Middleton, Nickole Middleton, Paul Lilienkamp,
Amalia Martinez, Tom Vowell, Ferdinand Cheng Co So,
Julita Co So, Corazon Cheng Co So, Kristel Mae Santos Co So,
Carol Squire, Jennifer Squire, Robert Athas, Nelia Athas,
Nicole Athas, Stefan Athas, Jennifer Marshall, Christine Wayne,
Alice Wear, Rebecca Wayne, Christopher Donnelly, Gerardo Garcia,
Maria Martinez, Gerardo Garcia, Valentina Garcia, Marcela Garcia,
Mark Rousseau, Heather Rousseau, Denise Sanford, Andie Castro,
Bradley Ramsey, Tammy Ramsey, Daniel Degen, Heather Degen,
Chloe Degen, Ava Degen, Kendall Degen, Naji Souser, Trisha Fisher,
David Larsen, Jill Larsen, Kevin Larsen, Shayli Larsen, Jose Lopez,
Jodi Allen-Lopez, Gail VanOmmen, Raymond VanOmmen, Barbara Breeding,
Raymond Breeding, Annie Magnusson, Michael Magnusson,
Christopher Magnusson, Stephen Magnusson, Rachel Magnusson,
Rebekah Magnusson, Christopher Thrower, Lisa Hampton, Elisa Beadell,
Bruce Beadell, Jacob Beadell, Joshua Beadell, Jeng Won, Vivian Stevenson,
Leslie Stevenson, Debra Gildon, Saquanna Calvin, William Cramer,
Esvanilla Cramer, Patricia Anderson, Julie Crenshaw, Bridget Steele,
Manuel Rivera, Jaedyn Draper, Brandon Hartle, Brandon Bare,
Ben Smith, Simone Smith, Richard Martinez, Tiffany Eldefonso,
Gia Martinez, Kya Eldefonso, Derrick Powell, Kayla Powell.

      Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,

      Defendant.

_____ /

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs hereby sue Defendant and allege as follows:

## JURISDICTION AND PARTIES

1.      Plaintiffs, Nikki McIntosh, Jeff McIntosh, Leah McIntosh (Minor), and Benton McIntosh (Minor), are residents of Canada.

2.      Plaintiff, Gavin Oliver, is a resident of California.

3.      Plaintiff, Katrina Heald, is a resident of California.

4.      Plaintiffs, Alison Meiners, Bradley Meiners, Adyson Meiners (Minor), and Katelyn Meiners (Minor), are residents of Oregon.

5.      Plaintiff, Jeffrey Wills, is a resident of Idaho.

6.      Plaintiff, Mali McCraken, is a resident of Idaho.

7.      Plaintiffs, Carolyn LoGuidice, Michelle Loguidice, Haleh Loguidice, Victor Loguidice, and Lana Loguidice (Minor), are residents of California.

8.      Plaintiff, David Nelson, is a resident of California.

9.      Plaintiffs, Stephen Constant, Kathleen Constant, and Emmah Constant (Minor), are residents of Kansas.

10.     Plaintiffs, Melanie McGee and Walter McGee, are residents of Canada.

11.     Plaintiffs, Mark Dresbach, Elaine Dresbach, Brooke Dresbach (Minor), and Jake Dresbach (Minor), are residents of California.

12.     Plaintiff, Matthew Hartman, is a resident of California.

13.     Plaintiff, Kristina Dhanada, is a resident of California.

14.     Plaintiff, Ahmad Zamani, is a resident of California.

15.     Plaintiff, Belghis Sameni, is a resident of California.

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M

16.    Plaintiff, Diane Zeidman, is a resident of Arizona.

17.    Plaintiff, Shirley Harris, is a resident of Arizona.

18.    Plaintiff, Debra Engle, is a resident of Arizona.

19.    Plaintiff, Sara Konynenbelt, is a resident of Canada.

20.    Plaintiff, Diane Konynenbelt, is a resident of Canada.

21.    Plaintiffs, Rosemarie Cheng and Jed Cheng, are residents of Canada.

22.    Plaintiff, Huy Long Go Co, is a resident of Canada.

23.    Plaintiff, Nene Choa, is a resident of Canada.

24.    Plaintiffs, Valerie Grayson, Sheri Grayson, and Nyasia King (Minor), are residents of Pennsylvania.

25.    Plaintiff, Aimee Granados, is a resident of Utah.

26.    Plaintiff, Taten Evans, is a resident of Utah.

27.    Plaintiffs, Sonya Rader, James Rader, Noah Rader, and Lauren Rader, are residents of California.

28.    Plaintiffs, David Middleton and Nickole Middleton, are residents of Nevada.

29.    Plaintiff, Paul Lilienkamp, is a resident of Massachusetts.

30.    Plaintiff, Amalia Martinez, is a resident of New Mexico.

31.    Plaintiff, Tom Vowell, is a resident of New Mexico.

32.    Plaintiffs, Ferdinand Cheng Co So & Julita Co So, are residents of Canada.

33.    Plaintiff, Corazon Cheng Co So, is a resident of the Philippines.

34.    Plaintiff, Kristel Mae Santos Co So, is a resident of Canada.

35.    Plaintiff, Carol Squire, is a resident of Texas.

36.    Plaintiff, Jennifer Squire, is a resident of Texas.

37.     Plaintiffs, Robert & Nelia Athas, are residents of Massachusetts.

38.     Plaintiff, Nicole Athas, is a resident of Massachusetts.

39.     Plaintiff, Stefan Athas, is a resident of Massachusetts.

40.     Plaintiff, Jennifer Marshall, is a resident of Massachusetts.

41.     Plaintiff, Christine Wayne, is a resident of Massachusetts.

42.     Plaintiff, Alice Wear, is a resident of Massachusetts.

43.     Plaintiff, Rebecca Wayne, is a resident of Massachusetts.

44.     Plaintiff, Christopher Donnelly, is a resident of Massachusetts.

45.     Plaintiffs, Gerardo Garcia, Maria Martinez, Gerardo Garcia (Minor), Valentina Garcia (Minor), and Marcela Garcia (Minor), are residents of Mexico.

46.     Plaintiffs, Mark Rousseau and Heather Rousseau, are residents of Louisiana.

47.     Plaintiff, Denise Sanford, is a resident of California.

48.     Plaintiff, Andie Castro, is a resident of Texas.

49.     Plaintiffs, Bradley Ramsey and Tammy Ramsey, are residents of Oklahoma.

50.     Plaintiffs, Daniel Degen, Heather Degen, Chloe Degen (Minor), Ava Degen (Minor), and Kendall Degen (Minor), are residents of New York.

51.     Plaintiff, Naji Souser, is a resident of Texas.

52.     Plaintiff, Trisha Fisher, is a resident of Colorado.

53.     Plaintiffs, David Larsen and Jill Larsen, are residents of Utah.

54.     Plaintiffs, Kevin Larsen and Shayli Larsen, are residents of Utah.

55.     Plaintiffs, Jose Lopez and Jodi Allen Lopez, are residents of Texas.

56.     Plaintiffs, Gail VanOmmen and Raymond VanOmmen, are residents of Montana.

57.     Plaintiffs, Raymond Breeding and Barbara Breeding, are residents of Montana.

58.     Plaintiffs, Annie Magnusson, Michael Magnusson, Christopher Magnusson (Minor), Stephen Magnusson (Minor), Rachel Magnusson (Minor), and Rebekah Magnusson (Minor), are residents of Utah.

59.     Plaintiff, Christopher Thrower, is a resident of Oklahoma.

60.     Plaintiff Lisa Hampton, is a resident of Oklahoma.

61.     Plaintiffs, Elisa Beadell, Bruce Beadell, Jacob Beadell (Minor), and Joshua Beadell (Minor), are residents of Washington.

62.     Plaintiff, Jeng Won, is resident of Texas.

63.     Plaintiff, Vivian Stevenson, is resident of Oklahoma.

64.     Plaintiff, Leslie Stevenson, is resident of Oklahoma.

65.     Plaintiff, Debra Gildon, is resident of Oklahoma.

66.     Plaintiff, Saquanna Calvin, is resident of Oklahoma.

67.     Plaintiffs, William Cramer and Esvanilla Cramer, are residents of Oklahoma.

68.     Plaintiff, Patricia Anderson, is resident of Arizona.

69.     Plaintiff, Julie Crenshaw, is resident of Kansas.

70.     Plaintiff, Bridget Steele, is resident of New Mexico.

71.     Plaintiff, Manuel Rivera, is resident of Illinois.

72.     Plaintiff, Jaedyn Draper, is resident of Texas.

73.     Plaintiff, Brandon Hartle, is resident of Texas.

74.     Plaintiff, Brandon Bare, is resident of Texas.

75.     Plaintiffs, Ben Smith and Simone Smith, are residents of Texas.

76.     Plaintiffs, Richard Martinez and Gia Martinez (Minor), are residents of Illinois.

77.     Plaintiffs, Tiffany Eldefonso and Kya Eldefonso (Minor), are residents of Illinois.

78.    Plaintiffs, Derrick Powell and Kayla Powell, are residents of Oregon.

79.    Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCCL"), is a foreign entity with its principal place of business in Florida.

80.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the event diversity jurisdiction does not apply to any or all of the Plaintiffs, then this matter is brought under the admiralty and maritime jurisdiction of the Court.

81.    The causes of actions asserted in this Complaint arise under the General Maritime Law of the United States.

82.    Defendant, RCCL, at all times material, personally or through an agent;

    a.    Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.    Was engaged in substantial activity within this state;

    c.    Operated vessels in the waters of this state;

    d.    Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.    The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.    The Defendant was engaged in the business of providing to the public and to the Plaintiffs in particular, for compensation, vacation cruises aboard the vessel, *Liberty of the Seas*.

83.    Defendant is subject to the jurisdiction of the Courts of this state.

84.    The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

85.     At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Liberty of the Seas*.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

86.     This lawsuit involves Defendant RCCL's knowing and intentional decision to effectively force the Plaintiffs who had purchased a cruise aboard the *Liberty of the Seas* leaving August 27, 2017 to travel (fly, drive, or other methods of transportation) to Texas (areas encompassing Houston, Galveston, and other Hurricane Harvey affected locations in Southern Texas) while it was in a state of emergency and/or state of disaster due to Hurricane Harvey[1], because RCCL would not cancel or modify its planned cruise.  In so doing, RCCL forced hundreds of would be passengers, including Plaintiffs, children and the elderly, to be subjected to catastrophic flooding and potential loss of life.

87.     Plaintiffs traveled to the area around the Port of Galveston in Texas before and during Hurricane Harvey (dates include: August 23-27 *approximate*) because RCCL would not offer *any* refund on their fare paid for the August 27 – September 3 cruise trip on the *Liberty of the Seas* and would not cancel the voyage until *after* the original departure date.  These passengers were strong armed into travelling to the area(s) around the Port of Galveston in Texas based on RCCL's assurances that safety was the primary concern and the voyage would sail as scheduled; combined with RCCL repeatedly advising passengers that **if they cancelled they would lose the entire cost of the purchased cruise**.

88.     Consequently, hundreds of passengers were subjected to days of danger, terror, and trauma as a result of being forced to travel into the path of a category 4 hurricane.  The terror was amplified by forcing them to endure the category 4 hurricane in a state, or even country, far away from their homes and family, familiar surroundings, and at the mercy of available public

[1] Includes all weather systems resulting in the formation of Hurricane Harvey.

facilities and services.  These passengers were consequently forced to spend days in a foreign location trapped by a devastating storm – all of which could have been easily avoided if simply given the choice to stay at home and reschedule the cruise.

89.     Plaintiffs traveled (approximately August 23-27, 2017) to Southern Texas (areas encompassing Houston, Galveston, and other Hurricane Harvey affected locations in Southern Texas), at the time of the incident.

90.     Plaintiffs were located in Southern Texas (areas encompassing Houston, Galveston, and other Hurricane Harvey affected locations in Southern Texas), at the time of the incident.

91.     Plaintiffs were not able to leave the affected areas in Southern Texas (areas encompassing Houston, Galveston, and other Hurricane Harvey affected locations in Southern Texas) after August 27, 2017 and spent several days[2] in the storm affected areas.

92.     RCCL's misconduct was predicated on a profit motive because, simply put, cruise lines like RCCL make no money when passengers don't sail.  Defendant RCCL's knowing, intentional and reckless conduct subjects RCCL to the imposition of punitive damages.

93.     On Thursday, August 24, 2017, RCCL issued information online to Plaintiffs traveling on the *Liberty of the Seas:*

> "Hello, this is Royal Caribbean International.  We would like to provide you with important information regarding your Sunday, August 27, sailing onboard Liberty of the Seas.
>
> We are actively monitoring path and progression of Hurricane Harvey. At this time, Liberty of the Seas **will keep her original schedule for Sunday's** turnaround in Galveston, Texas. Should we make any changes to Liberty of the Seas itinerary, we will make sure to inform our guests and travel partners.
>
> Royal Caribbean will provide you with an update tomorrow by 12:00 PM EST. We appreciate your understanding and cooperation

94.     By Friday August 25, 2017, Hurricane Harvey had strengthened to a Category 2

---

[2] Plaintiffs spent different time periods in the affected areas.

Hurricane and at 6:30 a.m. all flights to and from Corpus Christi, Texas were cancelled.

95.     At noon, on Friday August 25, 2017, the Port of Galveston (where the subject cruise was supposed to begin) closed to all vessels and set the port condition at Zulu meaning all port waterfront operations were suspended.



96.     Also on Friday August 25, 2017 it was widely reported by national news agencies such as CNN that residents of Texas' coastal cities were evacuating their homes in anticipation of the impending hurricane.

97.     At 2:08 pm on August 25, 2017, RCCL sent another update to its prospective passengers aboard the *Liberty of the Seas*:

> "Hello, this is Royal Caribbean International. We would like to provide you with important information regarding your Sunday, August 27th, sailing onboard Liberty of the Seas.
>
> We are actively monitoring path and progression of Hurricane Harvey.  At this time, **Liberty of the Seas will keep her original schedule for Sunday's turnaround in Galveston, Texas**. Should we make any changes to Liberty of the Seas itinerary, we will make sure to inform our guests and travel partners.
> Royal Caribbean will provide you with an update tomorrow by 12:00 PM CT. We appreciate your understanding and cooperation."
>
> Emphasis added.

98.     By 5:00 p.m., **Carnival Cruise lines had already rerouted** two of its cruise ships that were scheduled to arrive in Galveston on Saturday, and another Carnival ship that was supposed to arrive in Galveston on Sunday (just like the Liberty of the Seas) spent another night in

Cozumel.  As CNBC.com reported:



99.      As of Friday afternoon, when Carnival cancelled and/or changed its cruises and yet

RCCL sailed straight ahead, the National Hurricane Center was advising that the entire Texas

coastline, including Galveston was in the cone of danger for this deadly storm.



100.   On Saturday, August 26, 2017, the Port of Galveston remained closed:



101.   At 1:40 p.m., RCCL's Chief Meteorologist James Van Fleet, posted on twitter:

"**Weather looking favorable tonight and tomorrow**. Need to verify infrastructure is

safe Port/Island on a 7pm conference call, then will update."

102.   As of 3:25 p.m. on Saturday August 26, 2017, RCCL was still giving information to

Plaintiffs as though they were going to depart as regularly scheduled:

"Liberty of the Seas is keeping behind the storm and is currently making her way back to

Galveston. **Our intention is to keep with our original schedule** return to Galveston on Sunday. However, because of the path and progression of Hurricane Harvey, the situation remains uncertain and the Port of Galveston remains closed. We ask that guests scheduled to sail on Liberty of the Seas tomorrow not proceed to the port until we let you know it is okay to do so."

Emphasis added.

103.    By this time, catastrophic flooding had already begun.  Hundreds of flight were cancelled and highways were flooded, impassable and deadly.  **Yet RCCL was still attempting to find a way to make the scheduled sailing**.

104.    As of Saturday, August 26, 2017, 10:15 p.m., RCCL sent an email to all its passengers which stated:

This is Royal Caribbean International with important information regarding your sailing onboard Liberty of the Seas. Due to Tropical Storm Harvey and weather conditions around the Galveston/Houston area, as well as the port's current closure, **Liberty of the Seas will arrive to the Port of Galveston later than originally scheduled**. Because of this, boarding for your cruise will now take place on Monday, August 28 between noon and 3 p.m. We ask that guests not arrive to the port before noon.

Emphasis added.

105.    Despite the deadly weather situation and catastrophic flooding, RCCL still did not cancel its cruise, but rather pushed back the sailing roughly 24 hours.

106.    At or around this time, was the last chance that Plaintiffs likely could have escaped being trapped in Hurricane Harvey's flood waters, but RCCL did its best to convince Plaintiffs to stay *directly* in harm's way.

107.    On Sunday, August 27, 2017, the originally scheduled date of departure, the Port of Galveston (not surprisingly) remained closed.   And at 10:29 a.m., Plaintiffs received the following email message about their upcoming cruise from RCCL:

This is Royal Caribbean International with important information about your Liberty of the Seas sailing. **Due to Tropical Storm Harvey, current weather**

conditions, and port closure in Galveston, boarding for your cruise will now take place on Monday, August 28 between noon and 3 p.m. We are sorry for the impact that this storm has had on your vacation and we are excited to welcome you onboard. Guests sailing with us will receive a one day refund of the cruise fare paid in the form of a refundable onboard credit, as well as a 25% percent future cruise credit, based on cruise fare. **Guests who can't sail with us due to being in an affected area will receive a 100% future cruise credit based on the cruise fare paid**. If you have any questions, please do not hesitate to contact us at 1 (866) 562 7625.

108.  Remarkably, the very day of the cruise was the first time that RCCL actually began to offer Plaintiffs the ability to reschedule the cruise and receive a future cruise credit.  Prior to this, again, all of the Plaintiffs were effectively forced to travel to South Texas unless they wanted to forfeit the entirety of what they paid for their cruise.  As such, it was simply too late for Plaintiffs to avoid being trapped in the path of Hurricane Harvey.

109.  Finally, at 3:01 p.m., on Sunday August 27, 2017, RCCL cancelled the subject cruise, issuing the following email notice:

> This is Royal Caribbean International with important information about your Liberty of the Seas sailing. Due to the severe impact of Hurricane Harvey and Galveston port closure, we unfortunately have to cancel your cruise scheduled for Sunday, August 27. We are sorry for the impact that this storm has had on your vacation and appreciate your patience as we worked through this. Please know that this decision was made with your safety in mind.
> Your cruise fare and fees will be 100% refunded to the original form of payment. It may take 4-5 business days to reflect on your account. We are looking forward to welcoming you back, so we are offering a 25% future cruise credit, based on your cruise fare, if you choose to book another cruise in the next 30 days.  Please stay safe.

110.  Simply put, had the cruise been cancelled a day or two earlier, just like Carnival did, then Plaintiffs would not have been trapped in the path of Hurricane Harvey and subjected to 1-7[3] days of terror, hardship and inconvenience in a place foreign to them.  As one person on Social Media aptly described:

---

[3] Plaintiffs spent different amount of days in Southern Texas depending on their location, available transportation, and ability to travel outside of the affected area.



111.    As a result of the actions of RCCL, Plaintiffs traveled to Texas for a scheduled departure

on August 27, 2017 even though a catastrophic weather event had already made ***multiple***

landfalls in Texas.  Plaintiffs were subjected to days of being trapped in a state of emergency,

often without power, limited food and water, and at all times material at risk of death.  Many

Plaintiffs travelled to South Texas with small children.  As a result of RCCL's gross negligence,

toddlers were forced to wade through flood waters in search of food.

112.    RCCL knew these hurricane force winds, airports closures, and major roadways shut down due to catastrophic flooding but nonetheless, up until the day of departure, the *Liberty of the Seas* was still scheduled to leave on August 27, 2017 intending to sail to Mexico, carrying thousands of passengers.

113.    Each and all of the foregoing conditions, including but not limited to, the impending dangerous weather conditions in Texas, were known to RCCL prior to the time RCCL decided to finally offer a refund to passengers on August 27, 2017.   As such, RCCL knowingly, intentionally and recklessly decided not to offer refunds on the *Liberty of the Seas* before August 27, 2017, forcing Plaintiffs to travel to Texas during a catastrophic weather event or risk losing their entire pre-paid cruise fare, thereby placing the lives at risk of each and every one of the passengers.

## COUNT I – NEGLIGENCE

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 113 as though alleged originally herein and further allege:

114.    It was the duty of Defendant RCCL to provide Plaintiffs with reasonable care under the circumstances.

115.    RCCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiffs with reasonable care under the circumstances.

116.    Plaintiffs were injured due to the fault and/or negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows:

a.   Failure to use reasonable care to provide and maintain a safe embarkation for Plaintiffs, fit with proper and adequate safety, protection, and care; and/or

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
WWW.LIPCON.COM

b.  Knowingly refusing to cancel and/or offer refunds to Plaintiffs as a result of severe weather conditions at or near the port where the trip was supposed to depart; and/or

c.  Failing to have proper policies and procedures in place to determine whether to offer refunds as a result of dangerous weather conditions; and/or

d.  Deciding not to cancel the trip and/or offer refunds despite severe weather warnings; and/or

e.  Failing to have adequate technology capable of properly monitoring weather conditions in real time; and/or

f.  Forcing Plaintiffs to travel into an area experiencing hurricane-force winds and/or flooding and/or otherwise wise perilous conditions; and/or

g.  Failure to reasonably offer refunds to Plaintiffs not wishing to travel to Texas during a catastrophic weather event; and/or

h.  Failing to notify and alert Plaintiffs with reasonable and/or sufficient notice that the trip would be cancelled so they could avoid traveling to an area experiencing a catastrophic weather event and/or seek safe harbor before encountering the storm; and/or

i.  Failing to warn Plaintiffs of the dangers of leaving their homes in light of the expected weather conditions; and/or

j.  Failing to promptly offer refunds before cancelling the departure; and/or

k.  Failing to alter the schedule and/or departure port; and/or

l.  Exposing Plaintiffs to weather conditions that they were unprepared for without proper warning from RCCL; and/or

m.  Failing to promulgate and/or enforce adequate policies and procedures to offer refunds to Plaintiffs before the expected catastrophic weather event made landfall near the departure port; and/or

n.  Failing to promulgate and or enforce adequate policies and procedures to protect Plaintiffs traveling to a port with a known catastrophic weather condition; and/or

o.  Failing to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure the departure schedule was modified when landfall of a hurricane near the departure port became likely to protect passenger safety; and/or

p.  Exposing Plaintiffs to hurricane force weather conditions; and/or

q.  Failure to provide adequate training, instruction, and supervision to the RCCL employees; and/or

r.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that safety would not be compromised for cost and/or profits; and/or

s.  Failure to adequately notify Plaintiffs that they had an option before the hurricane made landfall in Texas of receiving a refund for their trip; and/or

t.  Failure to adequately notify Plaintiffs  that refunds were available before the scheduled departure date; and/or

u.  Failure to promulgate policies and/or procedures aimed at preventing thousands of passengers from traveling to a state experiencing a catastrophic weather event to ensure the reasonable safety of its passengers; and/or

    v.   Failure to promulgate policies and/or procedures aimed at ensuring an adequate emergency plan to protect the health and welfare of Plaintiffs during an emergency; and/or

    w.   Failure to determine and/or appreciate the hazards associated with having Plaintiffs travel to an area experiencing a catastrophic weather event; and/or

    x.   Knowing, as a result of previous similar incidents, of the likelihood of a threat to Plaintiffs safety resulting from all of the above, yet failing to take corrective action and/or implement policies and procedures aimed at preventing and/or mitigating the harmful effects of the of the subject incident; and /or

    y.   Failure to amend its cancellation policy to allow these Plaintiffs to cancel their cruise without financial penalty in light of the impending storm;

    z.   Failure to promulgate adequate ticket and/or refund policies aimed at ensuring the safety of Plaintiffs.

117.   At all material times, Defendant RCCL had exclusive custody and control of the vessel, *Liberty of the Seas*.

118.   Defendant knew of the foregoing conditions causing Plaintiffs' injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

119.   As a result of the negligence of RCCL, Plaintiffs were injured about their body and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.
WWW.LIPCON.COM

the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

   **WHEREFORE**, the Plaintiffs demand judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands trial by jury.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

   Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs 1 through 113 as though alleged originally herein and further allege:

120.   At all times material, due to the negligence and/or gross negligence and/or intentional conduct of the Defendant, Plaintiffs were placed in an immediate risk of physical harm.  Said risk of physical harm included but is not limited to:  injury and/or death and/or severe emotional and/or psychological trauma.

121.   Defendant's negligence and/or gross negligence and/or intentional conduct caused severe mental and/or emotional harm and/or distress in the Plaintiffs, such as fear and anxiety. These emotional injuries and/or damages have also resulted in physical manifestations, such as sickness, nausea, exhaustion, fatigue, headaches, insomnia, lack of sleep, poor sleep and nightmares.

122.   Plaintiffs was/were forced to travel to an area experiencing a known catastrophic weather event (or risk losing thousands of dollars in pre-paid fares) causing a reasonable fear of great bodily harm and death. At all times material, Plaintiffs were in the zone of danger at risk of

Lipcon, Margulies, Alsina & Winkleman, P.A.
www.lipcon.com

serious bodily harm, including death due to, *inter alia*, the catastrophic flooding due to Hurricane Harvey.

123. Plaintiffs ticketed aboard the *Liberty of the Seas* were placed in the zone of danger as a result of the catastrophic weather event. Plaintiffs were in close proximity to conditions which did cause or could have caused serious physical, mental and/or emotional injury and/or illness.

124. Plaintiffs' fear of death and experience of mental, emotional and/or physical harm was genuine and well founded and Plaintiffs suffered mental or emotional harm (such as fright and anxiety) that was caused by the negligence of RCCL. This fright and anxiety has further manifested itself as multiple physical symptoms experienced by the Plaintiffs, including but not limited to insomnia, depression, anxiety, nightmares, and dizziness.

125. As a result of the negligent inflection of emotional distress by RCCL, Plaintiffs were injured about their body and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiffs demand judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands trial by jury.

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiffs*

One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By:    */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
mwinkleman@lipcon.com

## [SERVICE LIST ON FOLLOWING PAGE]

## SERVICE LIST
### *McIntosh et. al. v. Royal Caribbean*
### Case No. 17-cv-23575-JLK

**Michael A. Winkleman, Esq.**
mwinkleman@lipcon.com
**Jason R. Margulies, Esq.**
jmargulies@lipcon.com
**Marc E. Weiner, Esq.**
mweiner@lipcon.com
LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiffs*

**Scott D. Ponce, Esq.**
sponce@hklaw.com
**Sanford L. Bohrer, Esq**.
sbohrer@hklaw.com
HOLLAND & KNIGHT LLP
Attorneys for Royal Caribbean
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)
*Attorneys for Defendant*

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M