**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-23575-CIV-KING/SIMONTON**

NIKKI MCINTOSH, et al.,

      **Plaintiffs,**

v.

**ROYAL CARIBBEAN CRUISES LTD.,**

      **Defendant.**

_____/

**REPORT RECOMMENDING DENYING**
**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

      This matter is before the Court upon Defendant Royal Caribbean Cruises Ltd's Motion to Dismiss the Second Amended Complaint, ECF No. [35].  The Plaintiff has filed a Response and the Defendant has filed a Reply, ECF Nos. [39] [41]. The Honorable James Lawrence King, United States District Judge, has referred the Motion to the undersigned Magistrate Judge, ECF No. [40].  For the reasons set forth below, the undersigned recommends that the Defendant's Motion to Dismiss the Second Amended Complaint be Denied, or, in the alternative that the Plaintiffs be permitted to file a Third Amended Complaint that specifies in separate paragraphs the injuries suffered by each Plaintiff.

    I.    **BACKGROUND**

        A.    *Original Complaint, Motion to Dismiss and Motion for Sanctions*

      This matter involves claims brought by Plaintiff Nikki McIntosh ("McIntosh") against Defendant Royal Caribbean Cruise Ltd., ("RCC") related to the cancellation of a cruise aboard the M/V Liberty of the Seas, which was scheduled to depart Houston, Texas on August 27, 2017, ECF No. [1].  The original Complaint alleged that McIntosh, who had purchased a ticket for the cruise, suffered damages when RCC failed to timely cancel the cruise despite the impending landfall of Hurricane Harvey in Texas.  Plaintiff

McIntosh brought the action as a class action, on her own behalf and on behalf of all other similarly situated passengers. The Complaint advanced three causes of action as follows: Negligence (Count I), Negligent Infliction of Emotional Distress (Count II), and Intentional Infliction of Emotional Distress (Count III).   In the General Allegations, the Plaintiff alleged that thousands of passengers traveled to the area around the Port of Galveston, Texas before and during Hurricane Harvey because RCC would not offer any refund on their fare paid for the August 27-September 3 cruise and would not cancel the voyage until after the original departure date, ECF No. [1] at 2-3. As to the Negligence Count, the Plaintiff alleged that she suffered, among other things, injury to her body and extremities, pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, feelings of economic insecurity, disfigurement, lost wages, and incurred medical expenses in the care and treatment of the injuries including life care, ECF No. [1] at 17-20.

Citing to Federal Rules 23(a) and 23(b)(3), the Complaint contained Class Action Allegations related to the number of potential class members, the commonality of the class members' claims, and the Plaintiff's ability to adequately represent the class, ECF No. [1] at 10-11.  Further, the Plaintiff acknowledged that the RCC passenger ticket contained a contractual provision which limited the passengers' rights to file class action claims against RCC, ECF No. [1] at 12.  However, the Plaintiff contended that the provision improperly limited RCC's liability in violation of 46 U.S.C. § 30509.[1]  Plaintiff additionally asserted that although an identical clause had been upheld by other Judges

---

[1] Title 46 U.S.C. § 30509 provides,

The owner, master, manager, or agent of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign

in this district, the Plaintiff had a good faith basis for seeking an extension or modification of existing law, ECF No. [1] at 13. Finally, the Plaintiff noted that the Eleventh Circuit Court of Appeals, as opposed to District Court judges, had not opined on the enforceability of the class action waiver contained in the ticket, ECF No. [1] at 13.

On November 17, 2017, the Defendant moved to dismiss the Complaint contending that: 1) the Plaintiff waived her right to bring class action claims against the cruise line; 2) the cruise line reserved the ability to delay or cancel the cruise; 3) the Plaintiff failed to identify injuries that she suffered; and, 4) the Plaintiff failed to adequately state a claim for intentional infliction of emotional distress, ECF No. [7].

Before the Plaintiff filed a response to the Defendant's Motion to Dismiss, on December 14, 2017, the Defendant filed a Motion for Sanctions contending that because the cruise ticket purchased by the Plaintiff clearly contained a class action waiver, Plaintiff's Counsel should be sanctioned for filing this matter as a class action, ECF No. [10] at 2. The Defendant asserted that Plaintiff's Counsel was well aware that the class action waiver provision in the ticket was enforceable because eight months before this action was filed, another action filed by the same attorneys was dismissed by another District Judge in this Court based upon an identical class action waiver, ECF No. [10] at 2. The Defendant thus asserted that Federal Rule of Civil Procedure 11 sanctions were warranted against Plaintiff's Counsel, and that Plaintiff's Counsel should be required to

---

country, may not include in a regulation or contract a provision limiting ... (A) the liability of the owner, master, or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents; or (B) the right of a claimant for personal injury or death to a trial by court of competent jurisdiction.... (2) Voidness.—A provision described in paragraph (1) is void.

3

pay RCC's counsel's attorney's fees incurred in seeking dismissal of the Complaint, ECF No. [10] at 5.  That Motion remains pending.

On February 7, 2018, the Court granted the Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. [24].  In so doing, the Court concluded that the Plaintiff's negligence claims were deficient because the Plaintiff failed to allege that she, herself, suffered injury or damages, ECF No. [24] at 4.[2]   The Court dismissed Count I for Negligence and Count II for Negligent Infliction of Emotional Distress without prejudice and granted Plaintiff leave to file an amended complaint.  The Court further concluded that Count III of the Complaint for Intentional Infliction of Emotional Distress was due to be dismissed with prejudice because Plaintiff's Complaint failed to allege conduct sufficiently outrageous to meet the requirements under Florida law for that claim that the Defendant's conduct was "so outrageous as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in civilized community." ECF No. [24] at 4. The Court did not resolve the class action waiver arguments raised by the Parties.[3]

---

[2] The Court concluded that although the Plaintiff alleged that thousands of passengers, in anticipation of the cruise, travelled to Texas before and during Hurricane Harvey because RCC would not offer any refund on their tickets and would not cancel the voyage until after the original departure date, the Plaintiff did not allege anywhere in the Complaint that she personally travelled to Texas related to the cruise.

[3] Although the Court's February 7, 2018 Order Granting Defendant's Motion to Dismiss related to Plaintiff's original Complaint made reference to the Defendant's contention that the action could not be maintained as a class action based upon a class action waiver contained within the ticket contract, the Court never analyzed and/or ruled on this argument, ECF No. [24]. Instead, the Court found that the Plaintiff failed to state a claim for negligence because she failed to allege that she herself suffered injury or damages but rather recited a "laundry list of harms allegedly suffered by the class," and failed to allege that she herself traveled to Houston to endure the harms caused by the Defendant's actions, ECF No. [24] at 4.  The Court found that the allegations advanced by Plaintiff were insufficient to support a claim for intentional infliction of emotional distress, ECF No. [24] at 4. Thus, the Court never dismissed the Class Action Allegations contained in Plaintiff's Complaint based upon the class action waiver contained in the ticket in the original order granting the Defendant's Motion to Dismiss.

### B.    *Amended Complaint and Second Motion to Dismiss*

Pursuant to the Court's Order, the Plaintiff filed her Amended Complaint wherein she reasserted her claims for negligence and negligent infliction of emotional distress, on her own behalf and on behalf of all other similarly situated passengers, ECF No. [25]. The Amended Complaint alleged the Nikki McIntosh, individually, and all other similarly situated passengers, traveled to and were located in Southern Texas, at the time of the incident, ECF No. [25] at 3, 9. In addition, in the Class Action Allegations of the Amended Complaint, the Plaintiff alleged that the class of passengers, including Nikki McIntosh, sustained injuries and damages, including being subjected to severe distress, both physical and psychological, when they were subjected to days of danger, terror and trauma as a result of being forced to travel into the path of a category 4 hurricane, ECF No. [25] at 11. The Plaintiff further alleged that "Nikki McIntosh traveled to the Houston area, just like the proposed class of persons she hopes to represent." ECF No. [25] at 11.

The Defendant moved to dismiss the Plaintiff's Amended Complaint, again contending that the Class Action Waiver provision contained in the ticket barred the Plaintiff's class action suit, that pursuant to another clause in the ticket the Defendant retained the ability to delay or cancel the cruise, and that the Plaintiff had still failed to identify the injuries she suffered, including failing to allege that she, herself, had traveled to Texas for the cruise, ECF No. [26] at 11-12. The Defendant contended that the Plaintiff's claims should be dismissed with prejudice because the Plaintiff failed to correct the defects noted by the Court in the first Order granting the Defendant's Motion to Dismiss, ECF No. [26] at 10.

On April 10, 2018, the Court granted the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [29].  In that Order, the Court concluded that the class

5

action waiver barred Plaintiff McIntosh from brining this suit as a class action.  In particular, the Court concluded that the class action waiver contained in the passenger ticket was reasonably communicated to Plaintiff, was not unconscionable, and that the class action waiver did not violate the 46 U.S.C. § 30509, which limits the ability of the shipowner to limit its own liability for negligent acts.

In the Conclusion of the Order, the Court stated the following: "Should she elect to do so, Plaintiff may file a First Amended Complaint within twenty (20) days of the date of this Order.  The First Amended Complaint shall set forth claims only in Plaintiff's individual capacity and shall not contain class action allegations." ECF No. [29] at 7.

C.      Second Amended Complaint and Third Motion to Dismiss

The Plaintiff has now filed a Second Amended Complaint ("SAC"), ECF No. [30].[4] In addition to naming Nikki McIntosh as a Plaintiff, the SAC lists 130 additional plaintiffs individually, ECF No. [30]. The SAC alleges a cause of action for Negligence (Count I), and a cause of action for Negligent Infliction of Emotional Distress (Count II).  The SAC contains no class action allegations but does allege "General Allegations Common to All Counts", ECF No. [30] at 7-15. The SAC alleges the same damages for all of the plaintiffs, generally, stating:

> . . . Plaintiffs were injured about their body and extremities, suffered both physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, temporary and/or permanent physical disability, impairment, inconvenience in the normal pursuant and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred

---

[4] The Plaintiff styled her most recent filing as an Amended Complaint, ECF No. [30]. However, the Plaintiff's First Amended Complaint was dismissed by the Court's April 10, 2018 Order, and thus the filing at issue is actually Plaintiff's Second Amended Complaint. The Plaintiff's misnomer may be due to the Court's Order granting the Defendant's Motion to Dismiss Plaintiff's Amended Complaint which granted Plaintiff leave to file a "First Amended Complaint." ECF No. [29] at 7.

> **medical expenses in the care and treatment of their injuries including life care, suffered physical handicap, lost wages, income lost in the past, and their working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiffs will suffer the losses and impairment in the future.**

ECF No. [30] at 18-19.  Thus, the SAC lists all of the injuries together without specifying which plaintiff suffered which specific injury.

The Defendant has moved to dismiss the SAC contending that the Plaintiff has improperly joined new plaintiffs to this action because such joinder exceeds the scope of the limited leave to amend that was granted by the Court in the Order granting the Defendant's Motion to Dismiss, ECF No. [35] at 5.  The Defendant also again asserts that dismissal is appropriate because RCC reserved the ability to delay or cancel the cruise in the ticket issued to Plaintiff McIntosh, ECF No. [35] at 6.  Further, the Defendant again argues that the SAC should be dismissed because none of the plaintiffs have identified the injuries that they allegedly suffered and how RCC's alleged conduct caused those injuries, ECF No. [35] at 7.

In Response, the Plaintiff argues that the joinder of additional plaintiffs in this action was not prohibited by the Court's Order on the Defendant's Motion to Dismiss and is entirely appropriate under Rule 20, ECF No. [39] at 2-3.  The Plaintiff further argues that the cancellation clause in the cruise ticket is not enforceable because the provision is void pursuant to 46 U.S.C. 30509(a)(1)(A), because it limits the liability of the ship-owner for injury caused by its negligence and limits the claimant's right to a trial for personal injury or death, ECF No. [39] at 4. The Plaintiff further argues that courts have declined to consider cruise passenger ticket defenses on motions to dismiss because there is no evidence that plaintiff read and understood the terms and conditions included in the ticket, ECF No. [39] at 5.

7

Plaintiff additionally contends that she has properly stated a claim for negligence and that the SAC expressly alleges causation against RCC and lays out the damages sought by the Plaintiffs, ECF No. [39] at 6.  Plaintiff thus contends that the SAC satisfies the requirements of Federal Rule of Civil Procedure 8, ECF No. [39] at 8.

Plaintiff asserts that, in the alternative to denying the Defendant's Motion to Dismiss the SAC, the Plaintiff should be granted leave to file an amended complaint.

In Reply, the Defendant reiterates its contention that the addition of the new plaintiffs in the SAC exceeds the scope of the Court's Order granting the Plaintiff limited leave to amend, ECF No. [41] at 1. The Defendant argues that the Plaintiff's reliance on 30509(a)(1)(A) is misplaced because in this case no plaintiff alleges that "he or she suffered personal injury or is suing because of death", ECF No. [41] at 3.  Defendant further asserts that the Court has already ruled that the Ticket Contract is enforceable and contends that courts consistently dismiss claims based on ticket contracts, ECF No. [41] at 3.  Defendant argues that the SAC again fails to set forth the injuries that befell the Plaintiffs or how RCC's conduct caused those injuries, but rather contains the same kitchen sink allegations that led to dismissal of the initial complaint, ECF No. [41] at 4. The Defendant argues that based on these arguments, the SAC should be dismissed with prejudice.

For the following reasons, the undersigned recommends that the Defendant's Motion to Dismiss the Second Amended Complaint be granted, in part, and denied, in part.

III.     **LEGAL FRAMEWORK & ANALYSIS**

A.     ***Amendments to First Amendment Complaint***

1.     **The Court Did Not Prohibit Plaintiff McIntosh**
**from Amending the Complaint to Add Additional Plaintiffs**

In the pending Motion to Dismiss, the Defendant asserts that the Court, in ruling on the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint, "dismissed with prejudice the class action allegations, and gave Ms. McIntosh leave to file a further amended complaint, but admonished Ms. McIntosh that the further amended complaint 'shall set forth claims only in Plaintiff's individual capacity and shall not contain class action allegations.'" ECF No. [35] at 2.  The Defendant thus argues that the claims alleged by the new plaintiffs in the SAC should be dismissed or stricken because the addition of over one hundred additional plaintiffs to this action exceeds the express scope of the Court's Order granting Plaintiff McIntosh leave to amend her Complaint.

The undersigned disagrees.  In the Court's April 10, 2018 Order, which granted the Defendant's Motion to Dismiss the Amended Complaint, the Court opined that the Plaintiff could not raise class action claims because the Plaintiff had waived that right in the passenger ticket.  However, the Court's Order did not state that the Plaintiff was limited to only amending her Complaint to remove the class action allegations. Rather, the Court expressly prohibited Plaintiff McIntosh from asserting class action allegations and directed her to set forth claims only in Plaintiff's individual capacity, ECF No. [29] at 7.  The Defendant reads the Court's Order as stating that the only claims that Plaintiff McIntosh may assert are those that relate to her, and not those of anyone else.  The undersigned declines to read the Court's Order in such a restrictive manner and instead reads the Court's instructions as pertaining to the only issue addressed in that Order:

whether the class action waiver contained in the cruise ticket was enforceable. The question of whether additional plaintiffs or claims could be added to the action was never raised nor addressed by the Court.  Although arguably, as discussed below, the Plaintiff should have sought leave to amend to include additional plaintiffs rather than simply adding individual plaintiffs, the Court's Order granting her leave to amend did not prohibit her from otherwise amending the Complaint.  Simply put, there is nothing in the Court's April 10, 2018 Order or the Court's prior rulings that prohibit the Plaintiff from amending her Complaint, other than stating that she could not present any claims as class action claims.

The cases cited by the Defendant do not mandate a different result.  In *Cincinnati Ins. Co. v. Cochran*, No. 05-16867, 2006 WL 4495335, *1 (11th Cir. Dec. 27, 2006), the reviewing court determined that the district court was within its discretion in striking the defendant's counterclaim for malicious prosecution, where that counterclaim was added after the pretrial conference, and only after the court granted the defendant leave to amend and clarify counterclaims that had already been plead.  Notably, the district court dismissed the malicious prosecution claim not only for exceeding the scope of what had been permitted by the court's previous order, but also because the malicious prosecution claim was not ripe for adjudication at the time of the pretrial conference. The Eleventh Circuit, in affirming the district court's dismissal, observed that the district court's order granting leave to amend referenced the fact that district court had granted the defendant leave to amend because the defendant had made factual allegations in the proposed pretrial order related to the defendant's counterclaim for conspiracy that needed to be clarified. *Id.* at *3.

Although the Defendant cites *Kuenzig v. Kraft Global Foods, Inc.*, 8:11-cv-838-T-24TGW, 2012 WL 366927, *1 (M.D. Fla. Feb. 3, 2012), for the application of *Cochran*, that case is from a different district that is not binding upon this Court.  More importantly, although the Court in *Kuenzig* explained in detail why the new theories of liability were stricken for exceeding the scope of the Court's order granting leave to amend, the Court failed to explain why the plaintiff in that action should be prohibited from seeking to join additional plaintiffs in that action, at that stage of the litigation. [5]  Thus, the undersigned is unpersuaded by that opinion. The undersigned instead concludes that the Court's April 10, 2018 Order did not limit the Plaintiff's ability to amend the Complaint in any manner, other than as to the inclusion of class action claims.  Thus, the claims asserted by the newly added plaintiffs in the SAC should not be dismissed based upon the Court's prior orders.

2.      The Plaintiff Should Be Permitted to Amend the Complaint to Join Additional Plaintiffs

Having determined that the Court's April 10, 2018 Order did not prohibit the Plaintiff from making additional amendments to her Complaint, including the addition of new plaintiffs to the action, the undersigned now addresses whether the manner in which the Plaintiff amended the Complaint was proper.

First, as to the propriety of adding other plaintiffs to this action generally, Federal Rule of Civil Procedure 20(a) permits multiple plaintiffs to join in one action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising

---

[5] Ultimately, in the same order, the Court in *Kuenzig* found that the plaintiff was unable to state a claim based on the defendant's purported misleading advertisements, dismissed those claims with prejudice and directed the clerk to enter judgment in favor of the defendant. *Id.* at *4.  Thus, the addition of another party to the action was not central to the Court's determination.

out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Thus, two conditions must be met for plaintiffs to be properly joined: "(1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Because the purpose of Rule 20 is for courts to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, (1966).

Furthermore, pursuant to Federal Rule of Civil Procedure 21, the Court may, on its own initiative, permit the addition of a plaintiff even after a plaintiff is added to a complaint without leave of court. *Garcia v. Chapman Garcia v. Chapman*, 911 F. Supp. 2d 1222, 1246 (S.D. Fla. 2012) (citing Fed. R. Civ. P. 21); *Zarate v. State Dept. of Health and Rehabilitative Servs.*, 347 F.Supp. 1004, 1006 (S.D. Fla.1971) (citations omitted); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 n. 3 (S.D.N.Y.1980). Finally, the Eleventh Circuit has made clear that a court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2), *Andrx Pharmaceuticals, Inc. v. Elan Corp.*, 421 F.3d 1227, 1236 (11th Cir. 2005).

Here, Plaintiff McIntosh added the additional plaintiffs in the SAC without first seeking leave of Court to do so. The undersigned observes, without determining whether all of the plaintiffs added to this action in the SAC are plaintiffs that satisfy the Rule 20 standard, that Plaintiff McIntosh has asserted facts in the SAC that, if true, establish that the newly added plaintiffs are asserting a right to relief arising out of the

same transaction or occurrence, and are based upon a question of law or fact common to McIntosh and all of the plaintiffs named in the SAC. The Defendant has not specifically argued misjoinder but even if the plaintiffs added to this action in the SAC are not properly joined, Rule 21 provides, in part, "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Thus, the Defendant is not entitled to have this action dismissed on this basis.

In this case, there has been no trial date set, no pretrial schedule entered and no deadline set for the parties to amend their pleadings. Accordingly, having determined that the newly added plaintiffs' claims are logically related to McIntosh's claims, the interests of judicial economy are best served by allowing the claims to proceed together, and the Court should exercise its discretion and allow Plaintiffs to proceed together in a single complaint. Finally, the Defendant has not suggested that it will suffer any prejudice if the Plaintiff is permitted to amend the Complaint to add additional plaintiffs to this action at this time, other than having to try an action with multiple plaintiffs. There is no basis for denying the Plaintiff the right to amend the Complaint to include additional Plaintiffs given the facts and posture of this case.

### B. *Sufficiency and Viability of Claims Asserted in the SAC*

#### 1. The Plaintiffs have adequately specified their injuries

Although the Defendant has failed to cite to which Rule it relies upon regarding its claim that the SAC should be dismissed because the Plaintiffs have failed to adequately set forth their injury allegations, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that

the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances ... [and][e]ach claim found upon a separate transaction or occurrence ... shall be stated in a separate count." Fed. R. Civ. P. 10(b).

Further, it is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Although this standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, —— U.S. ——, (2012). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

In this case, Defendant RCC avers that the Plaintiffs have failed to connect the generalized allegations in the SAC with specific harms to any individual Plaintiffs.  RCC

contends that the Plaintiffs' failure in this regard is fatal to the SAC because the Plaintiffs have failed to allege the essential elements of the claims, *i.e.* causation and injury for each Plaintiff.  RCC thus contends that the Court should dismiss the Plaintiffs' claims with prejudice because the Court has twice before ordered Plaintiff McIntosh to amend her Complaint to correct this deficiency.

The undersigned disagrees.  While the Defendant is correct that the SAC lumps together all of the Plaintiffs' injuries and fails to identify which injuries correspond to which Plaintiff or group of Plaintiffs, the applicable Federal Rules do not require a plaintiff to provide greater specificity in pleading injury allegations in a complaint, *See, e.g., Doug Barry, et al., v. Weyerhaeuser Co.*, 18-cv-01641-CMA-STV, 2018 WL 6589786, *3, n. 2 (D. Col. Dec. 14, 2018) (holding that Rule 8 does not require plaintiffs in a multi-plaintiff cases to specify which plaintiffs suffered which injuries in a complaint).

In addition, although there are multiple Plaintiffs asserting claims individually in the SAC, the allegations related to the Defendant's purported negligent conduct are the same with regard to each Plaintiff, *e.g.* that the Defendant failed to cancel the cruise prior to the Plaintiffs placing themselves in harm's way.  The SAC therefore provides enough information for RCC to file a responsive pleading.[6]  Any additional information that the Defendant seeks related to the Plaintiffs' damages will be available to the Defendant through the discovery process, including through Rule 26(a)(1) Initial Disclosures, and need not be set forth in the Complaint.  *See e.g. Brown v. Panhandle E. Pipeline Co.*, No.

---

[6] To the extent that the Defendant contends that the allegations are too vague or ambiguous for RCC to prepare a response, the Defendant should have moved for a more definite statement pursuant to Rule 12(e).  Under that Rule, the Court may order a party to provide a more definite statement, but, here, the Defendant has only requested that the Court dismiss the Plaintiffs' claims with prejudice.

16-2428- JAR-TJJ, 2017 WL 3821743, at *1 (D. Kan. Sept. 1, 2017) (collecting cases for proposition that "[i]temization of damages is not required to meet the pleading requirements of Rule 8(a)").  The Court is required to accept the allegations of the SAC as true, and it specifically alleges that all of the Plaintiffs suffered the listed injuries.  As such, at this juncture, the allegations in the SAC as alleged are sufficient to satisfy the dictates of Rules 8 and 10.

Further, the Defendant contends that Plaintiff McIntosh has failed to comply with the Court's Orders directing the Plaintiff to specify which harms befell her as a result of the Defendant's alleged negligent acts, and argues that the Plaintiffs' claims should therefore be dismissed with prejudice, ECF No. [35] at 7-8, 9. However, the record demonstrates that, after the Court granted the Defendant's first Motion to Dismiss and directed the Plaintiff to better plead her injury and causation allegations, Plaintiff McIntosh filed her first Amended Complaint, ECF Nos. [24] [25].  The Amended Complaint set forth nearly identical injury allegations on behalf of McIntosh as the original Complaint did, yet the Court, in ruling on the Defendant's Motion to Dismiss the Amended Complaint, did not address the Defendant's claims that the Plaintiff's injury allegations remained deficient, ECF Nos. [26] at 9-12. Rather, the Court only ruled that the class action waiver barred Plaintiff McIntosh from bringing this suit as a class action. Thus, the Court never opined that the injury allegations contained in the Amended Complaint were deficient and did not grant the Defendant's Motion to Dismiss the Amended Complaint on that basis. Plaintiff McIntosh was therefore not required to amend those allegations.  Similarly, as discussed above, the injury allegations alleged in the SAC on behalf of multiple Plaintiffs also comply with the applicable Federal Rules, and thus the Plaintiffs are not required to amend those allegations, either.  Accordingly,

16

the undersigned recommends that the Defendant's Motion to Dismiss the SAC be denied on this basis.

In the alternative, if the District Judge deems that the Plaintiffs' injury allegations contained in the SAC should specify which Plaintiff suffered what injury, the undersigned recommends that the Plaintiff be granted leave to amend the Complaint, as there is no indication that the Plaintiffs' failure to allege those injuries with specificity was willful or alleged in bad faith. *See e.g. Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368 (11th Cir. Aug. 22, 2005) (reversing district court's dismissal of complaint with prejudice where plaintiff failed to comply with court's order to file an amended complaint that complied with Rules 8, 10, and 11, where no finding of willfulness or bad faith).

> 2. **Under the facts of this case, Title 46 U.S.C. § 30509 applies to the clause in the contract which reserves the right of the Defendant to delay the cruise**

As noted above, under 46 U.S.C. § 30509, a contract provision that (a) limits the liability of the shipowner for personal injury or (b) limits the right of the passenger to a trial by a competent court is void. *Id.* "Congress's concern in enacting [section] 30509(a) was the unilateral imposition of bargaining power by a ship owner to limit its liability for its negligent acts," and it intended to stop ship owners from limiting liability "without any recourse to judicial process." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1242, 1243 (11th Cir. 2012).

Consistent with this statute, in the Eleventh Circuit, cruise line contractual waivers that directly seek to limit the cruise line's liability for negligent acts are void. In *Johnson v. Royal Caribbean Cruises, Ltd.*, 449 F. App'x 846, 848 (11th Cir. 2011), for example, a cruise line's limitation of liability was void since it sought to relieve the cruise line of liability "from actions arising from any accident or injury resulting from [p]laintiff's

participation in any or all shipboard activities she has selected." *Id.* Similarly, in *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984), the court held that a waiver of the cruise line's duty to provide adequate accommodations on its vessels was violative of the statute and, therefore, void.

In this case, the Defendant argues that pursuant to paragraph 6(a) of the cruise ticket, the Plaintiff agreed that the Defendant had the right to cancel or delay the cruise at any time, and thus Plaintiff's claims are due to be dismissed with prejudice for failing to state a claim, ECF No. [35] at 7. In Response, the Plaintiff cites the Eleventh Circuit's holding in *Johnson*, and contends that the contract provision relied on by the Defendant is void pursuant to § 30509 because it limits the liability of the ship owner for personal injury caused by the negligence or fault of the owner or the owner's employees, ECF No. [39] at 4-5. In Reply, the Defendant contends that § 30509 does not invalidate the ticket clause, and that the Plaintiff's reliance on this provision is misplaced because "no Plaintiff alleges that he or she suffered personal injury or is suing because of death." ECF No. [41] at 3.[7]

The undersigned finds that the Plaintiffs have the better of this argument. It may well be that the legislature did not contemplate that the limitations set forth in § 30509 would apply to facts akin to those at bar, but the Eleventh Circuit in *Johnson* made clear that in analyzing the applicability of 42 U.S.C. § 30509, courts must follow the rules of

---

[7] The analysis regarding the clause that reserves the Defendant's right to delay or cancel the cruise is distinguishable from the class action limitation clause because the class action limitation does not entirely foreclose a particular plaintiff from pursuing claims for personal injury against a shipowner. *See, e.g. Lankford v. Carnival Corp.*, 12–cv–24408– CMA (S.D. Fla. July 25, 2014) (concluding that class action waiver clause enforceable and stating "there is 'no authority' for the proposition that the statute was intended to prevent cruise ticket contract terms that still 'allow[ ] for judicial resolution of claims' but may cause the passenger an 'unreasonable hardship in asserting their rights.'").

statutory construction and should "look to the plain and unambiguous meaning of the language of the statute." *Id.* at 848-849.  The reviewing Court in *Johnson* found that the waiver in that case was void because it clearly was a contract with a provision that limited the liability of the ship owner for personal injury caused by the negligence or fault of the owner or the owner's employees. *Id.* at 848.

Similarly, in this case, the contract clause at issue clearly seeks to limit the shipowner's liability for personal injury caused by the ship owner's or its employees' negligence.  The SAC alleges that the Defendant ship owner was negligent in failing to, among other things, use reasonable care to provide and maintain a safe embarkation for Plaintiffs, failing to warn Plaintiffs of the dangers of leaving their homes in light of the expected weather conditions, exposing the Plaintiffs to weather conditions for which they were unprepared without warning, failing to use reasonable care to promulgate and enforce adequate policies related to passengers traveling to port in catastrophic weather, and to notify passengers that refunds were available prior to the departure date, which resulted in the Plaintiffs, including McIntosh, suffering personal injuries, including injuries about the Plaintiffs' bodies and extremities and physical pain and suffering, ECF No. [30] at 15-19.  Thus the Plaintiff alleges that the ship owner's or the ship owner's employees' negligence caused the Plaintiff personal injuries.

Like the *Johnson* defendant, RCC relies on a contract provision that seeks to limit the liability of the ship owner for personal injury caused by the negligence or fault of the owner or the owner's employees. *Id.* at 848.  Consistent with the Eleventh Circuit's holding in *Johnson*, the undersigned concludes that the prohibition set forth in § 30509

applies to the limitation set forth in paragraph 6(a) of the passenger ticket, and cannot be the basis for granting the Defendant's Motion to Dismiss.[8]

IV.   <u>CONCLUSION</u>

Based on the foregoing, it is

RECOMMENDED that Defendant Royal Caribbean Cruises Ltd's Motion to Dismiss the Second Amended Complaint ECF No. [35] be DENIED.  To the extent that the Defendant seeks to dismiss this action because the Plaintiff has improperly joined new plaintiffs and because the Defendant reserved the ability to delay or cancel the cruise in the ticket issued to Plaintiff McIntosh, the Motion should be denied.  If the Court determines that the Second Amended Complaint falls outside the scope of the Order granting leave to file an amended complaint, because additional plaintiffs were added, the undersigned RECOMMENDS that leave to amend be granted, *nunc pro tunc*, and dismissal on this basis be denied.

In the alternative, if the Court determine that each Plaintiff must specifically allege which injuries were purportedly suffered by each Plaintiff in the Second Amended Complaint, and that therefore the Motion should be granted, the undersigned

RECOMMENDS that the Plaintiffs should be granted leave to file a Third Amended Complaint that sets out a short and plain statement as to each Plaintiff alleging the injuries claimed by that Plaintiff.

---

[8] The undersigned further notes that even if § 30509 did not apply to the clause in the ticket that provided that the ship owner could cancel or delay the trip at anytime, the Plaintiffs' claims extend beyond the delay and cancellation of the trip, and seek to hold the Defendant liable for failing to warn the Plaintiffs of the possible hazards associated with the inclement weather and the ability of the Plaintiffs to obtain a refund if the trip was cancelled. Thus, even if the clause in 6(a) was permitted to be applied to this action, it would not absolve the Defendant of any liability for negligence as alleged in the SAC.

The parties will have fourteen calendar days from the date of this Report and Recommendation within which to file written objections for consideration by the United States District Judge to whom this case is assigned.  Any request for an extension of this deadline must be made within seven calendar days from the date of this Order.  Pursuant to Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

DONE AND SUBMITTED in chambers in Miami, Florida, on this 4th day of January, 2019.

ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
        Honorable James Lawrence King
        All counsel of record