UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-cv-23575-KING-TORRES

NIKKI McIntosh, on her own behalf
and on behalf of all other similarly
situated passengers scheduled to
have been aboard the *M/V
Liberty of the Seas*,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER DENYING REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon the January 4, 2019 Report and Recommendation (DE 43) of Magistrate Judge Simonton, recommending that Defendant's Motion to Dismiss the Second Amended Complaint be Denied, or in the alternative that the Plaintiffs be permitted to file a Third Amended Complaint that specifies in separate paragraphs the injuries suffered by each Plaintiff.[1] For the reasons stated herein, the Court declines to follow the Report and Recommendations.

### I.     Background

This matter arises from a cancelled cruise that was set to leave the Port of Galveston in Texas on August 27, 2017, which date coincided with Hurricane Harvey's landfall along the Gulf Coast in eastern Texas.

---

[1] The Defendant filed its Objections (DE 45) on January 17, 2019, to which the Plaintiffs Responded on January 31, 2019 (DE 47). The Court also considered oral arguments from the parties at a hearing held on Monday, February 11, 2019. Accordingly, this matter is ripe for ruling.

This action was initiated by Plaintiff Nikki McIntosh as a class action. Defendant Royal Caribbean moved to dismiss the class action allegations because they were barred by the class action waiver contained in Ms. McIntosh's cruise ticket contract and moved to dismiss the three counts of the complaint because they failed to state a claim. The Court granted that motion and gave the Plaintiff leave to file an Amended Complaint, which the Plaintiff filed on February 27, 2018 (DE 25). Defendant again moved to dismiss the class action allegations because they were barred by the terms of the cruise ticket contract as well as the negligence-based claims alleging that the Plaintiff had again failed to cure the problem that led to dismissal of the original action (DE 26). That is, the Plaintiff did not allege specific harms suffered as a result of Defendant's negligence. After review, the Court dismissed the Plaintiff's class action allegations with prejudice and granted the Plaintiff leave to file a further amended complaint, setting forth claims in the Plaintiff's individual capacity (DE 29).

On May 24, 2018, the Plaintiff filed her Second Amended Complaint ("SAC") (DE 35). That motion was referred to Judge Simonton on June 27, 2018. The Plaintiff's Second Amended Complaint included 130 additional Plaintiffs who were also scheduled to cruise aboard the same August 27 ship as Plaintiff McIntosh. The SAC, like the prior two complaints, alleges that Defendant's decision not to cancel the subject cruise until the day it was set to sail, coupled with notices Defendant issued in the days leading up to the cruise that it was still on schedule, forced thousands of people travel to the Houston area, placing them directly in the path of the storm. The SAC states that this forced would be-passengers to endure torrential rains and dangerous hurricane conditions and that these would-be passengers, now stranded in and around Houston, suffered a long list of grievous injuries ranging from being injured on about their bodily

extremities, to "temporary and/or permanent physical disability," to "mental and emotional anguish" and "feelings of economic insecurity."

The Plaintiffs allege that these injuries were all caused by Defendant's failure to cancel the trip sooner, failure to warn of the dangers of traveling to a hurricane zone during an impending hurricane, and failure to promulgate refund policies aimed at ensuring the safety of passengers. According to the Plaintiffs, these actions were so outrageous as to amount to an intentional infliction of emotional distress.

The Defendant moved to dismiss the SAC based on three reasons: 1) the claims of the new Plaintiffs were required to be stricken or dismissed because their inclusion exceeded the limited leave to amend permitted by the Court; 2) the claims were barred by the terms of the ticket contract, which gave Defendant the ability to cancel the cruise for a number of reasons, including adverse weather conditions; and 3) the SAC failed to identify which of the supposed harms befell each of the 131 plaintiffs. On January 4, 2018, Judge Simonton issued her Report and Recommendations, which is the subject of this opinion. The R&R recommends denying Defendant's motion to dismiss and granting the Plaintiffs leave to amend their complaint for a third time.

## II. Legal Standard

The R&R was issued by the Magistrate Judge under the authority of 28 U.S.C. 636(b)(1)(B) and (C). As such, the Court is required to review de novo those portions of the R&R to which Royal Caribbean objects.

3

### III. Discussion

#### A. No Federal Cause of Action Pled

Without facts alleged demonstrating any federal basis, it leave this court without jurisdiction to resolve any issue except to grant dismissal. The Court has twice dismissed Plaintiff's stated cause for damages or defendant's alleged negligence causing personal injury to Plaintiff.

Once this Court's lack of jurisdiction is apparent, the federal court should decline to rule upon other issues asserted by counsel (both plaintiff and defendant) however relevant these might have been if the court had jurisdiction. To do so violates Article III of the United States Constitution holding federal courts to be courts of limited jurisdiction. Federal Courts are prohibited from entering advisory opinions where they do not have federal jurisdiction. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions."); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978) ("[T]he jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress.")

The undersigned followed this principal in two prior orders dismissing this case for lack of federal jurisdiction on February 7, 2018 and April 10, 2018 and did not address various other issues that the U.S. Magistrate dealt with in her Report and Recommendation.[2]

#### B. Aggregation of Amount-in-Controversy for Diversity Jurisdiction

Although Plaintiffs have alleged complete diversity to support this Court's jurisdiction, they have ignored the second requirement for diversity of citizenship of a $75,000 amount-in-controversy. *See* 28 U.S.C. § 1332. In the Eleventh Circuit, the $75,000 jurisdictional threshold

---

[2] Judge Simonton recognized that this Court did not deal with these legal issues (ticket and arbitration), but assumed the order of reference from King to Magistrate Judge Simonton covered these issues and would be helpful to consider and make a recommendation to the undersigned.

4

may only be met through aggregating claims of multiple plaintiffs to enforce a single title or right in which they have a common and undivided interest:

> '[T]he Supreme court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy, so as to allow aggregation *only in those situations* where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation . . . In other words, the obligation to the plaintiffs must be a joint one.'

*Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262–63 (11th Cir. 2000) (emphasis added) (quoting *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963) (Tuttle, J.)); *accord Allapattah Servs., Inc. v. Exxon Corp.*, 157 F. Supp. 2d 1291, 1302–03 (S.D. Fla. 2001) (Gold, J.) (holding that there was no common fund supporting diversity jurisdiction in a breach of contract case where plaintiffs each had own contract with defendant and there was no *res*, "such as a piece of land, an insurance policy, a lien, or an item of collateral"). Therefore, Plaintiffs here have not alleged facts that their emotional distress damages could be aggregated to meet the $75,000 threshold.

Plaintiffs have also not alleged class action jurisdiction pursuant to 28 U.S.C. § 1332(d).

## C. Impact Rule under Florida Law

Florida has long recognized an "impact rule," where "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact."[3] *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995). The Florida Supreme Court has carved out only limited and "narrow" exceptions to this rule, based on "'the foreseeability and gravity of the emotional injury involved, and lack of countervailing policy concerns.'" *Fla. Dep't of Corr. v.*

---

[3] The Florida Supreme Court has also recognized, "in certain situations, the manifestation of severe emotional distress such as physical injuries or illness" as satisfying the impact rule. *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (citing *Gracey v. Eaker*, 837 So. 2d 348, 355 (Fla. 2002)).

5

*Abril*, 969 So. 2d 201, 206 (Fla. 2007) (quoting *Rowell v. Holt*, 850 So. 2d 474, 478 (Fla. 2003)). The narrow exceptions include (1) intentional torts such as defamation, invasion of privacy, and intentional infliction of emotional distress, *Abril*, 969 So. 2d at 206–07; (2) "freestanding torts" such as wrongful birth, *id.* at 207; and (3) breach of the duty of confidentiality in certain situations, *Gracey v. Eaker*, 837 So. 2d 348, 357 (Fla. 2002) (breach of confidentiality by psychotherapist with fiduciary relationship to client); *Abril*, 969 So. 2d at 208 (breach of confidentiality by laboratory or other healthcare provider regarding HIV test results). Here, Plaintiffs allege no physical impact, and none of the limited exceptions are plausibly applicable to allegations that Defendant canceled or rerouted a cruise.

Moreover, the Florida Third District Court of Appeal expressly distinguished *Abril* by noting that breach of confidentiality is "the type of tort for which the only reasonably foreseeable damages are emotional distress damages," in contrast to torts from which economic damages are reasonably foreseeable—there, negligent hiring, negligent retention, and negligent supervision—for which the impact rule is appropriate. *G4S Secure Solutions USA, Inc. v. Golzar*, 208 So. 3d 204, 209 (Fla. 3d Dist. Ct. App. 2016). Here, economic damages from canceling or rerouting a cruise are reasonably foreseeable, and any emotional distress damages are at best indirect.

Equally, Count II of the Second Amended Complaint for negligent infliction of emotional distress is deficient where "to maintain [such a claim] in the absence of a direct impact, [(1)] the complained-of mental distress must be manifested by physical injury, [(2)] the plaintiff must be involved in the accident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, *and* [(3)] the plaintiff must suffer the complained-of mental distress and accompanying physical impairment within a short time of the incident." *Tello v. Royal Caribbean Cruises, Ltd.*, 939 F. Supp. 2d 1269, 1277 (S.D. Fla. 2013) (Lenard, J.) (emphasis added) (internal quotation

marks omitted) (citing *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 849 (Fla. 2007). Here, none of these criteria are alleged, nor do Plaintiffs allege any accident causing physical injury. Therefore, this does not fall within the bystander exception to the impact rule recognized in Florida to bring a negligent infliction of emotional distress claim.

## IV. Conclusion

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant ROYAL CARIBBEAN CRUISES LTD.'s Motion to Dismiss Plaintiffs' Second Amended Complaint **(DE 35)** be, and the same is, hereby **GRANTED** with prejudice, upon the grounds set forth in the proceeding opinion wherein the court determines that it does not have federal jurisdiction to hear this case.

It is further **ORDERED, ADJUDGED,** and **DECREED** that defense's objection to the Report and Recommendations of the U.S. Magistrate Judge, is sustained in so far as the arguments on jurisdiction are concerned.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of February 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record