UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-CV-23575-GAYLES/TORRES

NIKKI MCINTOSH, *et al.*,

    **Plaintiffs,**

v.

ROYAL CARIBBEAN CRUISES LTD.,

    **Defendant.**

                                                 /

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation on Subject Matter Jurisdiction ("Report"). [ECF No. 86]. In its September 22, 2021 Order, the Court ordered the parties to file jurisdictional briefing as to whether the Court has subject matter jurisdiction. Plaintiffs filed their Memorandum on the Existence of Subject Matter Jurisdiction on October 22, 2021. [ECF No. 66]. On November 22, 2021, Defendant filed its response. [ECF No. 67]. Plaintiffs' reply was filed on December 6, 2021. [ECF No. 68]. Subsequently, on March 1, 2022, the Court referred the matter to Judge Torres to determine whether subject matter jurisdiction existed. [ECF No. 72]. Judge Torres' Report finds that (1) admiralty jurisdiction exists over all parties in this case; (2) a third amended complaint must be filed that specified where each Plaintiff is a citizen of to satisfy diversity jurisdiction; and (3) Class Action Fairness Act jurisdiction does not exist. [ECF No. 86]. On September 14, 2023, Defendant filed its objections to the Report, [ECF No. 87], and Plaintiffs filed their response on October 18, 2023, [ECF No. 90].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

1

objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Defendant objects only to the portion of the Report that found that admiralty jurisdiction exists. [ECF No. 87]. Defendant first argues that the parties' cruise ticket contract does not provide a basis for admiralty jurisdiction because Plaintiffs' claims for negligence and negligent infliction of emotional distress do not arise out of the ticket cruise contract. Next, Defendant contends that Plaintiffs' tort claims fail to satisfy the location prong of the "location/connection test" because Defendant's dealings with Plaintiffs did not occur on a ship on navigable waters.

This Court, having conducted a *de novo* review of the record, agrees with Judge Torres' well-reasoned analysis and finds that admiralty jurisdiction exists. If not for the cruise ticket contract creating privity between Plaintiffs and Defendant, Plaintiffs would not be able to assert their current tort claims. Indeed, Defendant took a similar position in its initial Motion to Dismiss the Second Amended Complaint. [ECF No. 35 at n.1] (in arguing for dismissal for failure to state a claim for Counts I and II, [ECF No. 30], Defendant maintained that "[t]he Court may consider the terms of the Ticket Contract in connection with this Motion because the authenticity of the document is undisputed and the document is **central** to plaintiffs' claims . . . .") (emphasis added). Additionally, Defendant's instructions forcing Plaintiffs to arrive at a specific location for embarkation satisfies the location prong of the "location/connection test".

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

2

(1) Judge Torres' Report and Recommendation on Subject Matter Jurisdiction, [ECF No. 86], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Admiralty jurisdiction exists over all parties in this case;

(3) Class Action Fairness Act jurisdiction does not exist; and

(4) Plaintiffs may seek leave to file a third amended complaint that specifies where each Plaintiff is a citizen of to satisfy diversity jurisdiction within twenty (20) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE