UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23575-CIV-GAYLES

NIKKI MCINTOSH *et al.*,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Defendant Royal Caribbean Cruises Ltd. ("Royal Caribbean") submits its response to Plaintiff's motion for leave to file a third amended complaint (the "Motion") [DE 95]. The Motion should be denied because the proposed third amended complaint drastically exceeds the limited scope of the amendment that the Court invited, all without Plaintiffs even mentioning the ways in which they seek to amend.

The district judge to whom the action was previously assigned dismissed Plaintiffs' second amended complaint, *sua sponte*, for lack of subject matter jurisdiction on the basis that the amount-in-controversy requirement for diversity jurisdiction was not satisfied. DE 48. The Eleventh Circuit reversed and remanded with instructions that the Court consider and resolve two issues relating to subject matter jurisdiction: (1) "whether there is complete alienage diversity" under 28 U.S.C. §1332(a)(2); and (2) "whether there is maritime jurisdiction" under 28 U.S.C. §1333(1). *See McIntosh v. Royal Caribbean Cruises Ltd.*, 5 F.4th 1309, 1313-14 (11th Cir. 2021); *see also id.* at 1315 ("We reverse the dismissal of the plaintiffs' complaint for lack of subject-matter jurisdiction, and remand for further proceedings consistent with this opinion.").

Following remand, the entry of an order of reference, oral argument, and multiple rounds of written briefing, Magistrate Judge Torres issued a report and recommendation on the issue of subject matter jurisdiction.  DE 86.  As to maritime jurisdiction, Judge Torres recommended that the Court find that maritime jurisdiction existed.  As to diversity jurisdiction, Judge Torres wrote that the second amended complaint failed to allege diversity of citizenship because Plaintiffs alleged their *residency*, whereas citizenship is what matters for subject matter jurisdiction.  DE 86 at 20.  Judge Torres further wrote: "Plaintiffs' counsel concedes that this was an oversight on their part, which can be easily remedied in an amended pleading. [D.E. 68 at 6]. We agree and therefore recommend that Plaintiffs be granted leave to file an amended complaint that fixes *this* deficiency." *Id.* (emphasis added).  Judge Torres's report and recommendation concluded by stating that, as to diversity jurisdiction, "the Court finds that . . . a third amended complaint must be filed that *specifies where each Plaintiff is a citizen of* to satisfy diversity jurisdiction[.]" *Id.* at 24. (emphasis added).

This Court adopted Judge Torres's report and recommendation.  DE 92.  On the issue of diversity jurisdiction, the Court ruled:  "Plaintiffs may seek leave to file a third amended complaint *that specifies where each Plaintiff is a citizen of* to satisfy diversity jurisdiction within twenty (20) days of this Order." *Id.* at 3 (emphasis added).

Plaintiffs then filed the Motion, seeking leave to file the proposed third amended complaint that was attached to the Motion.  DE 95-1. The Motion should be denied because the proposed third amended complaint drastically exceeds the narrow scope of the amendment that the Court contemplated. *See Kuenzig v. Kraft Global Foods, Inc.*, 2012 WL 366927, at **2-3 (M.D. Fla. Feb. 3, 2012) (citing *The Cincinnati Ins. Co. v. Cochran*, 2006 WL 4495335, at *3 (11th Cir. Dec. 27, 2006)) (striking an amended complaint because "[t]he Court agrees with [defendant] that the

2

amended complaint exceeds the scope of permissible amendment"); *Cochran*, 2006 WL 4495335, at *3 (affirming the striking of claims that exceeded the scope of the permitted amendment); *Hill v. Allianz Life Ins. Co. of North America*, 2015 WL 12838838, at *4 (M.D. Fla. June 17, 2015) (citing *Cochran*, 2006 WL 4495335, at *3) (striking a pleading that exceeded scope of permitted leave to amend).

The Court's Order was very clear about the limited basis on which Plaintiffs could seek leave to file a third amended complaint: to "specif[y] where each Plaintiff is a citizen of" in order to remedy their prior pleading's deficient allegations relating to diversity jurisdiction. Nothing more. And, to be sure, the proposed third amended complaint does propose to add allegations relating to Plaintiffs' citizenship, even though those allegations remain deficient because, as to Plaintiffs who are not foreign nationals, the proposed third amended complaint alleges that those Plaintiffs are citizens "of the United States," whereas jurisdiction under 28 U.S.C. §1332(a) depends on the *state* of a party's citizenship and the proposed amended pleading still alleges only state <u>residency</u>. DE 95-1 at ¶¶1-78; *see also, e.g., id.* at ¶2 ("Plaintiff, Gavin Oliver, is a U.S. citizen and *resident of California*, and is otherwise sui juris.") (emphasis added).

However (and putting that issue aside), the proposed third amended complaint proposes to do much more than add allegations specifying Plaintiffs' citizenship. Easiest to spot is that the third amended complaint proposes to assert 156 counts, whereas the second amended complaint (DE 30) was a two-count pleading. The Court did not invite Plaintiffs to add 154 counts to the action. In addition to adding those counts, the proposed amended complaint proposes to add substantive allegations that were not in the second amended complaint. Most notably, the proposed amended complaint seeks to include new damages-related allegations. *See, e.g.*, DE 95-1 at ¶114, 125, 127, 133, 140, 146, etc. The Court did not invite Plaintiffs to add any allegations

that did not relate to their citizenship. Last, the proposed third amended complaint seeks to change some of the Plaintiffs. DE 95-1 at ¶47 (Denise Ayon instead of Denise Stanford); ¶57 (Ms. Breeding now suing "as presumptive personal representative of the estate of Raymond Breeding"); ¶74 (Zoe Bare instead of Brandon Bare).

One of the most troubling aspects of all of this is that the Motion (1) does not mention that the proposed third amended complaint seeks to do more than merely correct allegations relating to citizenship, (2) does not identify any of the proposed additional changes, (3) does not contain argument or citation of authority supporting any of those additional changes, and (4) does not explain why those changes could not have been made in the prior two amended complaints. It feels as though Plaintiffs were hoping that no one was looking. It is Plaintiffs' burden to establish that they should be permitted to file the proposed third amended complaint, and it is impossible for them to meet that burden when the Motion does not even mention the proposed changes. *See In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014) ("The party seeking leave to amend under Rule 15 bears the burden of establishing his entitlement to it—particularly where there has been such a long and seemingly unjustified delay.").

Any third amended complaint that Plaintiffs file will be the *fourth* overall complaint that they have filed in this action. A simple and limited amendment to convert allegations of residence into allegations of citizenship in order to correct what Plaintiffs told Judge Torres was "an oversight on their part"– which is the limited amendment that the Court invited – would be consistent with an amendment at this stage of the pleading process, where a fourth complaint is under consideration. However, it is too late in the day for Plaintiffs to seek to add 154 counts and entirely new substantive allegations, especially without any showing of why these new allegations could not have been made in prior complaints. *See Blackburn v. Shire US Inc.*, 18 F.4th 1310,

4

1318 (11th Cir. 2021) ("We find no abuse in the district court's conclusion that permitting such a late amendment would be contrary to promoting judicial efficiency.") (internal quotation marks omitted).

For these reasons, the Motion should be denied.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Royal Caribbean
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Scott D. Ponce
Scott D. Ponce (FBN 0169528)
Email: sponce@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2024 I electronically filed this document with the Clerk of the Court by using the CM/ECF System.

By: /s/ Scott D. Ponce

#502628834_v1